IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 21, 2016

**SHAWN CHRISTOPHER SALES v. SHAWN PHILLIPS, WARDEN**

**Appeal from the Criminal Court for Morgan County**
**No. 2015-CR-41      E. Eugene Eblen, Judge**

_____

**No. E2015-01746-CCA-R3-HC-FILED-APRIL 4, 2016**

_____

The Petitioner, Shawn Christopher Sales, pleaded guilty in the Rutherford County Circuit Court to robbery, and the trial court sentenced him as a career offender to serve fifteen years with release eligibility at 60%. The trial court ordered that the Petitioner serve 163 days in confinement and the remainder of his sentence on community corrections. The trial court later revoked the Petitioner's community corrections sentence and ordered that he serve his sentence in confinement. This Court affirmed the revocation on appeal. *State v. Shawn C. Sales*, M2013-01510-CCA-R3-CD, 2014 WL 806316 (Tenn. Crim. App., at Nashville, Feb. 28, 2014), *no Tenn. R. App. P. 11 application filed*. The Petitioner filed a petition for habeas corpus relief, contending that his judgment is void because his sentence is illegal. The habeas corpus court summarily dismissed the petition finding that the Petitioner had failed to satisfy the procedural requirements and had failed to prove he was entitled to habeas corpus relief. After review, we affirm the habeas corpus court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Shawn Christopher Sales, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

The Petitioner has not included in the record a copy of the indictment, a transcript of his guilty plea, or the judgments of conviction. He did not appeal his guilty plea or sentence, which included Community Corrections. In 2013, the Petitioner violated his Community Corrections sentence, and the trial court ordered him to confinement for that violation. The Petitioner appealed. In our opinion on the Petitioner's appeal, we briefly summarized the facts as follows:

> This case arises out of the [Petitioner's] plea of guilty to robbery. The trial court sentenced the [Petitioner], a Career Offender, to 163 days in confinement and the remainder of his fifteen year sentence on Community Corrections. The suspended sentence order listed the conditions of the [Petitioner's] Community Corrections sentence, which included that he: have "[g]ood and lawful conduct and abide by all the rules of probation;""[s]ubmit to random drug/alcohol screens and do not use or associate with anyone using illegal drugs;" "[n]ot to use or associate with anyone using alcohol;""[p]ay the cost, fines and restitution as directed by the supervising agency;" have "[n]o association with convicted felons (except family);" and have "[n]o direct or indirect contact with the victim or the victim's family and stay away from all places frequented by them." The suspended sentence order also informed the [Petitioner] that any violation of the rules of probation would result in the service of the entire sentence.

> On January 30, 2013, a violation of probation order was filed. The order indicated that a warrant had been issued based upon the [Petitioner] violating his probation. The order indicated that the [Petitioner] agreed he had violated his probation, and the warrant was sustained. The [Petitioner] was ordered to serve 115 days in confinement before reinstatement to the original term of Community Corrections. The conditions of the sentence remained the same, with the following additional condition being added or modified: "[n]ot to use/associate with anyone using alcohol to excess." The [Petitioner] agreed that any further violation of his probation would result in the service of his entire sentence, and he also agreed to waive application for a suspended sentence both now and in the future. After these agreements, the trial court dismissed the amended warrants.

> On March 11, 2013, the [Petitioner's] Community Corrections officer filed an affidavit alleging that the [Petitioner] had violated his Community Corrections sentence. He swore:

2

[The Petitioner] did not report to his Community Corrections case officer the week of 02/25/2013–03/01/2013. [The Petitioner] was not home on 03/04/3013 [sic] at 8:45 am, during a random home visit at 705 A. East Castle Street . . . . The occupants of the residence stated that [the Petitioner] does not live at that address. A female occupant of the residence stated that [the Petitioner] is her cousin, but that he does not live there. On 03/04/2013, at 8:35 am, [the Petitioner] told his Community Corrections case officer that he does live at 705 A East Castle Street . . . his correct address is unknown. [The Petitioner] has not paid any of his court costs and fines. [The Petitioner] has not paid any of his Community Corrections and Supervision fees. [The Petitioner] has not provided a biological sample for the purpose of DNA, as required by TCA 40-35-321. [The Petitioner] has not attended required MRT classes. [The Petitioner] has done no community service work. On 03/08/2013, at 2:45pm, [the Petitioner] was not at 705 A. East Castle Street . . . during a random home visit. A female occupant of the residence stated, again, that [the Petitioner] does not live at that address, and also stated that, in fact, [he] has never lived at that residence.

Based upon this affidavit, the trial court issued a warrant for the [Petitioner's] arrest.

*State v. Shawn Christopher Sales*, M2013-01510-CCA-R3-CD, 2014 WL 806316, at *1-2 (Tenn. Crim. App., at Nashville, Feb. 28, 2014), *no Tenn. R. App. P. 11 application filed*.

At a hearing, the parties presented evidence proving that the Petitioner had violated his community corrections sentence. *Id.* at *2. The trial court found:

The Court finds based on the testimony, credibility of the witnesses as presented, that [the Petitioner] has violated the terms of his Community Corrections sentence. Violation of house arrest, as well as a violation of having a place to stay. A violation of not getting his D.N.A. sample done or doing his M.R.T. class.

[T]he questioning would raise an issue as to whether or not [the Petitioner] had the financial ability to give the D.N.A. sample or . . . buy the book. And I guess it may be that [the Petitioner] should not have been

3

placed on Community Corrections initially if he would be unable to comply with those requirements of the program.

However, he has been on the program and has earned some time while he has been there. The Court is aware and appreciative of the fact that [the Petitioner] hasn't picked up any new charges, hasn't violated any drug screens during the time that he's been on this second bite at the apple. However, he has not complied with the terms of his Community Corrections order.

And, so, the Court, based on that finding, orders that he serve his sentence as initially imposed.

*Id.* at *3-4

The trial court revoked the Petitioner's Community Corrections sentence and ordered the Petitioner to serve his sentence in the Tennessee Department of Correction, with credit for time served and time under Community Corrections. *Id.* at *4.

On June 17, 2015, the Petitioner filed a petition for habeas corpus relief. In it, he contended that his sentence was illegal because "Simple Robbery" was a Class C felony and, for a first time offender, the maximum sentence was three to six years at 30%. He stated that his sentence of fifteen years, to be served at 60%, was illegal.

The State filed a motion to dismiss the petition. The State contended that the petition was based on the Petitioner's erroneous contention that he qualified as a Range I offender. The State noted that the Petitioner had been sentenced as a career offender. The State further noted that the Petitioner had failed to comply with the procedural requirements of the habeas corpus statute because he had neither attached a copy of his judgment nor alleged that this was his first habeas corpus petition. The State further contended that the petition failed on its merits.

The habeas corpus court granted the State's motion to dismiss the Petitioner's habeas corpus petition for his failure to comply with the procedural requirements of a habeas corpus petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); see *State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn.Crim.App.1994).

Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> The petition shall state:

> > (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and

5

place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004); *James M. Grant v. State*, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208 (Tenn. Crim. App., at Nashville, Oct. 2, 2006), *no Tenn. R. App. P. 11 application filed*. It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

In the case under submission, the Petitioner has failed to include his judgment of conviction or relevant evidence to determine whether he is in fact a career offender. Accordingly, he failed to comply with the procedural requirements of the habeas corpus statute requiring that he attach the judgment, and the habeas corpus court did not err when it dismissed his petition.

Furthermore, there is nothing in the record to indicate that the judgment of conviction is void. The various felony classifications are divided into ranges so that the maximum and minimum sentences may be determined. T.C.A. § 40-35-101, Sentencing Commission Comments. Thus, the range begins with the lowest Range I, and proceeds through Range II, multiple offender; Range III, persistent offender; and career offender, based on the number of prior convictions the defendant has incurred. *See* T.C.A. §§ 40-

6

35-105 through 40-35-108. The range classification system reflects the Sentencing Commission's view that "longer sentences should be imposed on those who have previously violated the law." T.C.A. § 40-35-106, Sentencing Commission Comments. If a defendant meets the statutory definition of a particular offender classification, then the defendant "shall receive" a sentence within that range, or, if a career offender, "shall receive" the maximum sentence within Range III. T.C.A. §§ 40-35-106(c); 40-35-107(c); 40-35-108(c).

According to Tennessee Code Annotated section 40-35-112, a Range III sentence for a Class C felony is not less than ten (10) years and not more than fifteen (15) years. T.C.A. 40-35-112 (c)(3). Therefore, as a career offender, the Petitioner's sentence of fifteen years was within his applicable sentencing range. Further, as the State notes, regardless of which range classification the Petitioner satisfied based upon his history of prior criminal convictions, the Petitioner could have agreed to be sentenced at a higher range, so long as the sentence was statutorily authorized for the Class C felony offense of robbery (3 to 15 years). *See Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011). The Petitioner is not entitled to relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the Petitioner is not entitled to habeas corpus relief. As such, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

7